# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | |
| ) | |
| UNDREAVOUS MONTEL GARY ) | 2:03-CR-449-IPJ-HGD |
| ) | |
| ) | |

**MEMORANDUM OPINION OF ORDER GRANTING 18 U.S.C. § 3582 MOTION TO REDUCE TERM OF IMPRISONMENT AND DENYING REQUEST FOR FURTHER CONSIDERATION UNDER** *United States v. Booker*

The movant, acting pro se, filed a motion (doc. #19) on March 13, 2008, requesting that this court modify or reduce his sentence pursuant to 18 U.S.C. § 3582. The motion also requested that the court apply "the post **Booker** advisory Guidelines and ... the factors set forth in §3553(a)." For the reasons which follow, the motion is granted in part and denied in part.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, number 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[1]  Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement").  As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion of the movant to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2), combined with the request for additional relief.  The motion seeks the benefit of the crack amendment and the amended policy statement.

The focus of the § 3582(c)(2) motion is the 88 months sentence imposed upon movant under Count One and the 12 months sentence under Count Two to be served concurrently.  At the time the movant was sentenced, he was attributed with an offense involving possession of 5.91 grams of crack cocaine and also with being a felon in possession of a firearm.

The following chart sets forth the application of the crack amendment to the instant case:

---

[1] At this point, the crack amendment had no retroactive application.

|  | <u>Original Sentence</u> | <u>Retroactive Sentence Adjustment</u> |
|---|---|---|
| **Total Offense Level** | 25 | 23 |
| **Criminal History Category** | IV | IV |
| **Imprisonment Range** | 84 - 105 months | 70 -87 months |
| **Departure** | N/A | N/A |
| **Sentence Imposed** | 88 months ct one and 12 months ct 2 cc | |
| **Rule 35(b)/Remand** | n/a | |
| **Designated Institution** | FPC Talladega | |
| **Institutional Adjustment** | One minor infraction in 2005. Has completed drug education. | |
| **Projected Release Date** | 3-23-2010 | Approximately September 2008 |

A review of the sentencing issues now confronting this court includes, but is not limited to, the following:

    1. the movant was originally sentenced to 88 months in count one and to 12 months, the statutory maximum in count two, to be served concurrently;

    2. as computed in accordance with the amended guideline, the bottom of the range is 70 months;

3

  3. this creates an 18-month difference between the sentence imposed (88 months) and the potential sentence (70 months);

  4. the defendant has requested further consideration, commonly called a variance, based on the *Booker*, *infra*, line of cases.

  Pursuant to U.S.S.G § 1B1.10 (b),[2] this court finds that the movant is eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and concludes that the crack amendment applies to the circumstances of the movant.

  The court takes notice that the movant was sentenced before the U. S. Supreme Court's 2005 decision in *United States v. Booker,* 125 S.Ct. 738(2005), which made the Guidelines advisory, and before *Kimbrough v. United States*, 128 S.Ct. 558(2007), which refers to the portion of 18 U.S.C. § 3553(a) calling for a "sentence sufficient but not greater than necessary" as "an overarching provision." The court further recognizes the current debate about whether the advisory nature of the Guidelines extends to § 3582 motions. The court also acknowledges that this hotly debated issue will be soon, if it has not been already, appealed to the Eleventh Circuit Court of Appeals.

  In regard to the instant movant, if the *Booker* decision is found to have retroactive application, then an argument could possibly be made that this court could in fact consider a reduction in sentence exceeding the two-level reduction contemplated by the Crack Amendment. On the other hand, if this

---

[2] U.S.S.G § 1B1.10(b)(2)(A)(effective March 3, 2008) reads as follows: <u>In General</u>.- Except as provided in subdivision (B), the court shall <u>not</u> reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement <u>to a term that is less than the minimum of the amended guideline range</u> determined under subdivision (1) of this subsection. Emphasis added.

court grants the relief the movant has requested, and as the Crack Amendment calls for, he will be precluded from receiving any possible further reduction in sentence based on the Amendment in the absence of an appeal of this court's decision.

The movant currently has a projected release date of March 23, 2010. If the movant receives a two-level reduction in offense level, he has a projected release date of approximately September 2008. If this court delays ruling on movant's motion until there is an opinion from either the Eleventh Circuit Court of Appeals or the United States Supreme Court, movant is likely to be denied any relief since his projected release date with only a two-level reduction is in September 2008.

Having weighed the alternatives of granting movant's motion in part, on the one hand, and, on the other hand, delaying any decision and possibly denying the movant any relief, this court finds that movant's motion should be granted as to the §3582(c) portion and denied as to the request for further consideration under the advisory guidelines announced in the *Booker* decision.

A separate order will be entered.

SO ORDERED this 16th day of April 2008.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

NOTICE CONCERNING APPEALS

A § 3582(c) motion is considered a continuation of the criminal proceeding. A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed. See *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P.* 4(b)(1)(A)(i). If the movant was represented by appointed counsel in the Northern District of Alabama at trial or on appeal, movant will not be required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. That status will be granted for appeal purposes. If movant was represented by counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when a notice of appeal from the denial of the § 3582(c)(2) motion is filed. The Clerk is DIRECTED to provide the movant with an application to proceed *in forma pauperis*.